APPEAL OF ATLANTIC IMPORTING CO. AND SHEVERS ICE CREAM CO.

Docket No. 3674. Submitted October 21, 1925. Decided March 31, 1926.

1. Where a considerable portion of the capital stock of the corporation was issued in exchange for the common stock of another corporation, the value of which at the time of exchange is not shown, and where a large portion of the preferred stock of an affiliated corporation was issued in exchange for book accounts, the amount of which is not proven, together with a cancellation of contracts having no proven value, the Commissioner properly found that he was unable to determine the invested capital of the consolidated group.

2. The fact that the Commissioner's adjustment of excess-profits taxes under the provisions of section 328 of the Revenue Act of 1918 did not produce any large measure of relief, is not to be taken as evidence that the Commissioner used improper comparatives, but, on the other hand, as showing that the taxpayer's competitors in the same or similar lines of business were producing gains and profits and were subject to excess-profits taxes in amounts comparable to the apparent liability of the complaining taxpayer.

*Alex M. Hamburg, Esq.*, for the taxpayers.
*P. S. Crewe, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1919 in the amount of $6,331.97. The taxpayers allege that the Commissioner erred (1) in computing the normal tax of the two corporations at the rate of 12 per cent instead of 10 per cent; (2) in holding that they were affiliated during the year 1919; (3) that he improperly disallowed as deductions from gross income losses sustained on the sale of capital assets, and in holding that such sales were intercompany transactions; (4) and that, in computing the taxpayers' excess-profits taxes under section 328 of the Revenue Act of 1918, he used improper comparatives, thereby failing to give the taxpayers the relief to which they are entitled. The taxpayers also allege that if the two corporations were affiliated during the year 1919 the Commissioner erred (5) in eliminating from the consolidated invested capital certain amounts on account of intangibles paid in for stock, and in making adjustments in invested capital for that year on account of income and profits taxes due or paid for prior years.

FINDINGS OF FACT.

The Atlantic Importing Co. is a corporation organized under the laws of the State of New Jersey in the year 1909. Its principal office is at 617–619 Eleventh Avenue, New York City, and it is, and

was during the year 1919, engaged in manufacturing and selling vanilla and other extracts.

The Shevers Ice Cream Co. is a corporation organized under the laws of the State of New York, with its principal office at 617–619 Eleventh Avenue, New York City, and it is, and has been since its organization, engaged in manufacturing and selling ice cream. The original authorized capital of the corporation was $15,000 of common stock, divided into shares of the par value of $100 each. Of the authorized capital stock, 65 shares were issued for cash at par to the Howell-Shevers Ice Cream Co., and 15 shares for cash at par to the Atlantic Importing Co. The remainder of the original authorized capital stock was not issued until the year 1914.

In the year 1914 the capital of the Shevers Ice Cream Co. was increased to $100,000, consisting of $50,000 common stock and $50,000 preferred stock, divided into shares of the par value of $100 each. The common stock was issued to the Howell-Shevers Co. and the Atlantic Importing Co. pursuant to a resolution adopted by the board of directors of the Shevers Ice Cream Co. on September 10, 1914, the pertinent part of which is as follows:

WHEREAS this corporation was organized, promoted and developed into a going concern and placed on a firm and profitable basis by the capital supplied by the Atlantic Importing Company and Howell-Shevers Company and the said corporations since the organization of this company and until the present date, have supplied the bulk of the labor and office organization necessary to carry on its business and permitted its officers to manage and direct the affairs of this corporation without making any charge therefor which work, labor, and services so rendered by the said corporations have been of inestimable value and assistance to this company and necessary to a businesslike and profitable conduct of its business; and

WHEREAS, the company desires to increase its capital stock to $100,000, consisting of $50,000 preferred and $50,000 common, granting to said preferred stock certain rights and privileges as against the common stock now held by the said aforesaid corporations to which increase it is necessary to have the consents of the said corporations; and

WHEREAS, in consideration of the consents of the said corporations allowing said increase as stockholders of this company and granting and allowing to the preferred stock to be issued certain rights and privileges as against the stock now held by said companies, and in consideration of the labor already furnished and supplied to this company by said corporations; it is

Resolved, that this company issue to the said corporations or their respective nominees, in consideration of the foregoing the said $50,000 of common stock when issued as follows:

To the Atlantic Importing Company_____ $9, 400
To the Howell-Shevers Company_____ 40, 600

which issue includes the present holdings of said corporations in this company which is also the entire capital stock issued and outstanding; * * *.

Under this arrangement the Howell-Shevers Co. received additional common stock of the Shevers Ice Cream Co. of the par value

of $34,100, and the Atlantic Importing Co. received additional common stock of the par value of $7,900.

Preferred stock of the Shevers Ice Cream Co. of the par value of $25,000 was issued to Frederick Fauerbach and Arthur M. Rein, pursuant to a resolution of the board of directors adopted June 1, 1916, the material part of which is as follows:

The President announced that Messrs. Frederick Fauerbach and Arthur M. Rein, with whom the company is under contract dated October 26th, 1914, for personal services, have offered in consideration of the issue to them forthwith of 250 shares of the preferred stock of the company, 150 shares thereof to Mr. Fauerbach and 100 shares thereof to Mr. Rein, to surrender and cancel said contract and release the company from further obligation thereunder, and to pay to the company the sum of $2,500 in addition to all sums by them earned under said contract now standing to their credit upon the books of the company, $1,500 of which further sum is to be paid by Mr. Fauerbach and $1,000 by Mr. Rein, and the matter being discussed and due deliberation had thereon upon motion duly made and seconded, and by the affirmative vote of all present, the following preambles and resolutions were unanimously adopted:

WHEREAS, Frederick Fauerbach and Arthur M. Rein have offered, in consideration of the issue to them forthwith of 250 shares of the preferred stock of the company, 150 shares thereof to Mr. Fauerbach and 100 shares thereof to Mr. Rein, to surrender and cancel their contract with this company, dated October 26th, 1914, and release the company from further obligation thereunder, and to pay to the company the sum of $2,500 in addition to all sums by them earned under said contract now standing to their credit upon the books of the company, $1,500 to be paid by Mr. Fauerbach and $1,000 by Mr. Rein; and

WHEREAS, it appears to the Board that such surrender and cancellation of the said contract between the company and Frederick Fauerbach and Arthur M. Rein, dated October 26th, 1914, and the payment of the said sum of $2,500 to the company, as aforesaid, by said Fauerbach and Rein, in addition to all sums by them earned under said contract now standing to their credit upon the books of the company, will be to the best interests of the company, and that the same is of the fair and reasonable value of the Twenty Five Thousand ($25,000) Dollars, be it

*Resolved*, that this company accept the offer of Frederick Fauerbach and Arthur M. Rein to surrender and cancel their contract with the company, dated October 26th, 1914, upon the payment of $2,500 jointly by the said Fauerbach and Rein, in addition to all sums by them earned under said contract, now standing to their credit upon the books of the company; * * *.

The record fails to show what amounts were standing to the credit of Fauerbach and Rein on the books of the Shevers Ice Cream Co.

Of the remainder of the preferred stock of the Shevers Ice Cream Co., shares of the par value of $24,500 were subsequently issued to the Atlantic Importing Co. for cash at par, and shares of the par value of $500 were issued to another outside party, but the record fails to show the consideration paid therefor.

In the year 1916 the Howell-Shevers Co. decided to dissolve, and it entered into an arrangement with the Atlantic Importing Co. pursuant to which the $40,600 of common stock of the Shevers Ice Cream Co. held by the Howell-Shevers Co. was transferred to the Atlantic Importing Co., and in exchange therefor the Atlantic Importing Co. issued to the Howell-Shevers Co. shares of its, the Atlantic Importing Co.'s, stock of the par value of $40,600. As a result of this transaction, the Atlantic Importing Co. became the owner of all of the common stock of the Shevers Ice Cream Co. of the par value of $50,000, and of $24,500 of the preferred stock of the company of a total authorized issue of $50,000. The total outstanding capital stock of the Atlantic Importing Co. at the close of this transaction was $110,800.

During the entire year 1919, the total outstanding capital stock of the Shevers Ice Cream Co. was $50,000 common stock and $50,000 preferred stock, and during that period the Atlantic Importing Co. owned and held all of the common stock and $24,500 of the preferred stock. The preferred stock had no voting rights.

The Atlantic Importing Co. and the Shevers Ice Cream Co. filed separate income and profits-tax returns for the year 1919. The Commissioner determined that the two corporations were affiliated during that year and that their tax liability should be computed upon the basis of a consolidation of their incomes and invested capital. In adjusting invested capital he eliminated therefrom the amount of $74,500, representing the par value of the capital stock of the Shevers Ice Cream Co., owned by the Atlantic Importing Co., and also eliminated the amount of $43,200, as representing stock issued in 1916 to the Howell-Shevers Co. and Fauerbach and Rein, for intangibles developed by the company since its organization, and for cancellation of contracts for which no value was shown. He also made certain adjustments in invested capital for the year 1919 on account of Federal taxes due or paid for prior years.

The Commissioner, upon application of the taxpayers, computed their profits taxes under section 328 of the Revenue Act of 1918.

The Commissioner computed the taxpayers' income tax for the year 1919 at the rate of 12 per cent, instead of at the rate of 10 per cent, as provided by section 230 (a) (2) of the Revenue Act of 1918.

Upon the basis of the adjustments and computations set forth above, the Commissioner determined that for the year 1919 there is, as to the Atlantic Importing Co., an overassessment of tax in the amount of $225.56, and as to the Shevers Ice Cream Co., a deficiency in tax in the amount of $6,557.53, making a net deficiency of $6,331.97.

TRUSSELL: The taxpayers' petition sets forth five specific allegations of error, recited serially in the introductory statement herein. Error number one has been conceded by the Commissioner, and in the final adjustment of deficiencies a corporate tax rate of 10 per cent should be applied. Respecting assignment of error number three, the taxpayers produced no evidence in support of their allegations, and it is, therefore, our opinion that the net consolidated taxable income of taxpayers for the year 1919 is $77,642.44, as determined by the Commissioner. There is thus left for our consideration the following issues: Whether the two appealing taxpayers were, during the year 1919, affiliated corporations and subject to having their liability to income and excess-profits taxes computed upon the basis of a consolidated return; whether the Commissioner's computation of the consolidated invested capital was erroneous; and whether the Commissioner's adjustment of excess-profits-tax liability under section 328 accorded to the appealing taxpayers the statutory measure of relief intended to be granted by said section.

During the year 1919 the Atlantic Importing Co., hereinafter called the Atlantic Co., was the owner of all of the common stock of the Shevers Ice Cream Co., hereinafter called the Shevers Co., and the Atlantic Co. also owned $24,500 par of the preferred stock of the Shevers Co. The preferred stock possessed no voting rights and its owners were entitled to no share in the management of its business.

In the *Appeal of Canyon Lumber Co.*, 1 B. T. A. 473, the Board held that the statutory control meant the control of voting rights, all of which in the instant case were vested in the common stock and all owned by the Atlantic Co. In the *Appeal of Schloss Brothers Co.*, 1 B. T. A. 581, the Board held that, when the ownership and control of substantially all of the common voting stock of two corporations is held by the same interests, the law required that such corporations have their income and excess-profits taxes computed on the basis of consolidated returns. We are therefore of the opinion that during the year 1919 the Atlantic Co. and the Shevers Co. were affiliated corporations, and that the Commissioner's action in computing income and excess-profits taxes on the basis of a consolidated return must be approved.

In the reconstruction of the capital account of the Shevers Co., which took place during the years 1914 to 1916, inclusive, $25,000 par value of preferred stock was issued to two persons who are said to have had a contract with the company for selling its products and credit balances on the books of the company. Upon receiving

the stock these accounts were balanced, the selling contract was canceled, and they paid to the company the sum of $2,500. The record is silent as to the amount of the credit balances, as well as to the value of the selling contract. It thus appears that of the $25,000 of preferred stock so issued $22,500 in amount was issued without any known or proven consideration.

At or about the same time, $34,100 par value of common stock was issued to the Howell-Shevers Co., apparently without the issuing company receiving any consideration whatever. This block of common stock was later acquired by the Atlantic Co. in exchange for its stock at par. But the record does not show whether, at the time the Atlantic Co. acquired this stock, it had a value equal to par, or any value whatever. And, if we may accept the balance sheets of the Shevers Co., as attached to its income-tax returns, it is the sum of these two items which the company set up in its accounts as deferred charges.

We are therefore of the opinion that the Commissioner properly found that he was unable to determine the true invested capital of the two taxpayers, and that he was, therefore, required to determine the excess-profits tax as provided in section 328 of the Revenue Act of 1918.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*

JAMES took no part in the consideration or determination of this appeal.